IN THE UNITED STATE DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| G&G CLOSED CIRCUIT EVENTS, LLC, a California limited liability company, | Case No. 6:20-cv-01603-JR |
| Plaintiff, | ORDER |
| v. | |
| JOSE DE JESUS ROJAS, aka Jose De Jesus Rojas-Ascencio, dba Casa Rosas, | |
| Defendant. | |

RUSSO, Magistrate Judge:

Plaintiff G&G Closed Circuit Events, LLC initiated this action against defendant Jose De Jesus Rojas and a default judgment was subsequently entered. Plaintiff now moves for an award of attorney fees in the amount of $5,345 and costs in the amount of $1,171.40. For the reasons set forth below, plaintiff's motion is granted in part, in that fees are awarded in full, and costs are awarded in the reduced sum of $495.

Page 1 – ORDER

**DISCUSSION**

On September 14, 2020, plaintiff filed a complaint in this Court asserting claims under 47 U.S.C. § 605, 47 U.S.C. § 553, and Oregon common law. On January 3, 2021, the Court granted plaintiff's motion for entry of default. On March 24, 2021, a default judgment was entered. On April 7, 2021, plaintiff filed the present motion for attorney fees and costs.

Pursuant to the prevailing party's motion, the court may award reasonable attorney fees and costs. Fed. R. Civ. P. 54(d); LR 54. The court is required to ensure an award's reasonableness, irrespective of any opposition from the non-prevailing party. Gates v. Deukmejian, 978 F.2d 1392, 1400-02 (9th Cir. 1992). "[C]onsiderable discretion" is vested in the court in determining what fees are reasonable. Webb v. Ada Cnty., Idaho, 195 F.3d 524, 526-27 (9th Cir. 1999).

It is undisputed that plaintiff is the prevailing party and therefore entitled to attorney fees pursuant to federal law. See, e.g., 47 U.S.C. § 605(e)(3)(B)(iii). Further, plaintiff's requested rates are reasonable. Plaintiff's counsel, who has over 36 years of experience, seeks $400 per hour, which is in line with the average rates for commensurate experience set forth in the most recent Oregon State Bar Economic Survey. The paralegal rate of $175 per hour is also reasonable since it does not exceed the average rate for first-year associates. Finally, the Court finds that the hours requested – i.e., 6.8 hours for counsel and 15 hours for paralegal work – are reasonable, such that no adjustment to the lodestar amount is warranted.

Turning to plaintiff's costs, the majority are compensable. Specifically, "fees of the court" and "fees for service of summons and subpoena" fall under 28 U.S.C. § 1920. However, the remaining fees related to an investigation and "record search for service" are not specifically enumerated within 28 U.S.C. § 1920. It is well-established that the Court "may not award litigation

expenses that are not specified in [28 U.S.C.] §§ 1821 and 1920" without express statutory authority. Rimini St., Inc. v. Oracle USA, Inc., 139 S. Ct. 873, 877 (2019).

Although plaintiff cites to 47 U.S.C. § 605(e)(3)(B)(iii) as authorizing investigator fees, it does not meaningfully attempt to justify the remaining category of costs sought. Pl.'s Mot. Att'y Fees & Costs 4-5 (doc. 18). In any event, courts are split concerning whether investigator fees can be awarded under these circumstances but the weight of authority, especially in this Circuit, suggests that they are not. See Joe Hand Promotions, Inc. v. Fofana, 2007 WL 2298372, *7 (S.D. N.Y. Aug. 9, 2007) ("it is not clear that investigative costs may be awarded in this context; neither 28 U.S.C. § 1920 nor 47 U.S.C. § 605(e)(3) (B)(iii) expressly provides for the award of investigative fees and courts in this jurisdiction have declined to award investigative fees in similar circumstances") (collecting cases); see also Joe Hand Promotions Inc. v. Piacente, 2011 WL 2111467, *9 (N.D. Cal. Apr. 11), adopted by 2011 WL 2160631 (N.D. Cal. May 26, 2011) ("charges by a private investigator do not constitute taxable costs") (citation and internal quotations omitted).

Even where such fees are deemed taxable, the moving party "must document (1) the amount of time necessary for the investigation; (2) how much the investigators charged per hour; and (3) why the investigators are qualified to demand the requested rate." Kingvision Pay-Per-View Ltd. v. Autar, 426 F.Supp.2d 59, 67 (E.D. N.Y. 2006) (citation and internal quotations and brackets omitted).

Here, the investigator and record search fees are not adequately documented. See Wolfe v. City of Portland, 2013 WL 6002391, *13 (D. Or. Nov. 8, 2013) (prevailing party bears the burden of establishing that an expense is taxable) (citations omitted). The sole piece of evidence associated with the investigator fee merely indicates the name of the establishment and the overall fee

Page 3 – ORDER

charged. It says nothing about the investigator's qualifications or hourly rate, or the amount of time necessary for the investigation. Accordingly, this Court has no basis for assessing the reasonableness of this cost. See, e.g., Kingvision, 426 F.Supp.2d at 67-68 ; Joe Hand, 2007 WL 2298372 at *7 (rejecting investigator fees under analogous circumstances).

Similarly, the only documentation regarding the record search fee reflects it was performed online and fees for online legal research are not recoverable. Hells Canyon Preservation Council v. U.S. Forest Serv., 2004 WL 1853134, *14 (D. Or. Aug. 18, 2004). As such, the $650 investigator fee and $24.60 record research fee are disallowed.

## CONCLUSION

Plaintiff's Motion for Award of Attorney Fees and Costs (doc. 18) and Bill of Costs (doc. 20) are GRANTED in part, in that plaintiff is awarded a total of $5,345 in attorney fees and $495 in costs.

IT IS SO ORDERED.

DATED this 9th day of April, 2021.

                    /s/ Jolie A. Russo
                    Jolie A. Russo
              United States Magistrate Judge